# Exhibit B

## IDR Award Written Determinations

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-895040

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-895040** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$32,470.00** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0436 on claim number 22143E0F5E01 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health LLC submitted an offer of $32,470.00

Blue Cross Blue Shield of Missouri submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

**Next Step:**

If any amount is due to either party, it must be paid **<u>not later than 30 calendar days</u>** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-895040 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-895040 was PHI Health LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on July 12, 2024 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4132354

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4132354** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025170DJ6533 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to quality and outcomes measurements of the facility that furnished the qualified IDR item or service, demonstrating that their offer is more appropriate for the item or service in dispute based on the information specific to the quality and outcomes measurements of the facility. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their offer was the best representation of the value of the item or

service rendered. Thus, based on the information submitted, including the QPA and quality and outcomes measurements of the facility, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4132354 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4132354 was PHI Health, LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on October 24, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-895039

MCMC Services, LLC has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-895039** and has determined that PHI Health LLC is the prevailing party in this dispute.

Because only one party, PHI Health LLC , submitted an offer and paid the corresponding fees, MCMC Services, LLC has determined that the out-of-network payment amount of $29,754.40 offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 22143E0F5E01 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. MCMC Services, LLC did not receive an offer and/or fees from Blue Cross Blue Shield of Missouri . As a result, the certified IDR entity has found in favor of PHI Health LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. MCMC Services, LLC has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-895039 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii)

and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-895039 was PHI Health LLC. The initiating party's NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on January 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact MCMC Services, LLC. Include your IDR Reference number referenced above.

Thank you,

MCMC Services, LLC

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2888916

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2888916** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024346ER7392 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Blue Cross Blue Shield of Missouri submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | X |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $35,601.61 best represents the value of the qualified IDR service, ambulance service, conventional air services, transport, one way (rotary wing) (A0431), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $35,601.61 and provided the following information:

1. The provider states the QPA is materially different from the appropriate out-of-network rate and does not account for superior services, quality, and outcomes measurements, nor the condition and needs of the patient. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. Information documenting the clinical and education requirements of the pilots and clinicians as well as training and experience.

3. The air ambulance vehicle type, including the clinical capability level of the vehicle.

4. A statement that the point of pickup was a rural area located outside of a metropolitan statistical area.

5. Air medical transport and compliance medical appropriateness review form.

6. Air transport run report and patient clinical record.

7. Clinical information indicating that air medical transport responded at the request of the facility to transport a 47-day-old patient who has been cared for by the sending facility since birth for a patent ductus arteriosis treated with medication, but has failed to remain closed. The patient is on mechanical ventilation and is having frequent desaturations from shunting and is critically ill. Surgical intervention is necessary and is not a service available at the sending facility. Air transport was requested to transport the patient to a facility which provided neonatal specific care and equipment. Air transport was requested due to the time-sensitive need for definitive treatment, the high potential for cardiovascular and respiratory deterioration during transport, the need to reduce out-of-hospital time, the traffic congestion at the time of transport, and the need for two pediatric critical care providers. Air transport took approximately 99 minutes versus ground transport of 194 minutes.

8. The provider states that the previous contracted rates with the plan during the previous four years are in line with the currently requested payment as the rates show that the plan has historically valued the provider's services at the same rates that the provider now offers.

The non-initiating party, Blue Cross Blue Shield of Missouri, provided an offer of $28,683.53 and provided the following information:

1. A statement that the QPA represents the median in-network reimbursement rate for these services in the geographic region and for the provider specialty, which was adjusted for inflation.

2. A statement that the QPA already reflects the patient acuity and service complexity.

3. A statement that the plan took into consideration the five circumstances to reconsider a final offer amount during the open negotiation period with the provider.

In reviewing the QPA, which was $28.683.53, and the above-noted information submitted by both parties, C2C finds documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer and a review of the six circumstances with information specific to this dispute. C2C reviewed this evidence and found the additional information submitted by the non-initiating party did not support the offer. The information submitted by the initiating party is compelling in substantiating the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence of the patient's acuity, complexity of services, and the review of the five circumstances that included information specific to this dispute was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $35,601.61 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-2888916 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2888916 was PHI Health, LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on May 7, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as

opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-897662

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-897662** and has determined that PHI Health LLC is the prevailing party in this dispute.

Because only one party, PHI Health LLC , submitted an offer and paid the corresponding fees, National Medical Reviews, Inc. has determined that the out-of-network payment amount of $29,754.40 offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2023147QP0006 under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees.
National Medical Reviews, Inc. did not receive an offer and/or fees from Blue Cross Blue Shield of Missouri . As a result, the certified IDR entity has found in favor of PHI Health LLC , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-897662 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-897662 was PHI Health LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on August 21, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-1275899

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-1275899** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Medical Evaluators of Texas has determined that the out-of-network payment amount of **$29,754.40** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2023191QL0329 under this dispute.

Medical Evaluators of Texas based this determination on a review of the following:

PHI Health LLC submitted an offer of $29,754.40

Blue Cross Blue Shield Missouri submitted an offer of $13,327.60

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

According to the initiating party's credible evidence, the patient’s emergent condition, required rapid air transport from a rural area was needed to reduce ground transport time and to provide critical care capabilities of the crew during the transport. These factors weigh in favor of a higher reimbursement rate. Thus, the initiating party’s final offer best represents the value of the service as the out-of-network rate.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that Blue Cross Blue Shield Missouri is the non-prevailing party in DISP-1275899 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-1275899 was PHI Health LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield Missouri. The 90-calendar day cooling off period begins on May 28, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3125173

Network Medical Review Company, Ltd. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3125173** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Network Medical Review Company, Ltd. has determined that the out-of-network payment amount of **$40,458.58** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025022BV9972 under this dispute.

Network Medical Review Company, Ltd. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,458.58

Blue Cross Blue Shield of Missouri submitted an offer of $18,316.35

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This is a review for Claim #: 2025022BV9972. The service under review for the No Surprise Act is A0436 on 1/20/2025. The parties involved in this dispute are the Initiating Party, PHI HEALTH, LLC, requesting the amount of $40,458.58, and the Non-Initiating Party, Blue Cross Blue Shield of Missouri, is offering the amount of $18,316.35.

After a thorough review of the Notice of Offers and additional information, the Initiating Party's offer best represents the value of this qualified IDR item or service. The additional information submitted by the initiating party provided proof of credible additional circumstances or factors as defined in the standards. We find the QPA is materially different from the appropriate out-of-network rate. Therefore, the favor is for the initiating party.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Network Medical Review Company, Ltd. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-3125173 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3125173 was PHI Health, LLC. The initiating party's NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on June 13, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Network Medical Review Company, Ltd.. Include your IDR Reference number referenced above.

Thank you,

Network Medical Review Company, Ltd.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3085235

National Medical Reviews, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3085235** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, National Medical Reviews, Inc. has determined that the out-of-network payment amount of **$35,601.61** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2024366EQ0003 under this dispute.

National Medical Reviews, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $35,601.61

Blue Cross Blue Shield of Missouri submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

This case is a non-participating air ambulance provider and health insurance issuer payment determination under the Federal Independent Dispute Resolution (IDR) process.

Both parties submitted offers in this case.

Based on the credible information submitted, the Initiating Party's offer was selected.

The Qualifying Payment Amount (QPA) was submitted by the Non-Initiating Party.

The Initiating Party submitted credible information with respect to:

The quality and outcomes measurements of the provider of air ambulance services that furnished the services,

The acuity of the condition of the participant, beneficiary, or enrollee receiving the services, or the complexity of providing services to the participant, beneficiary, or enrollee,

The level of training, experience, and quality of medical personnel that furnished the air ambulance services,

The air ambulance vehicle type, including the clinical capability level of such vehicle,

The population density of the point of pick-up for the air ambulance of the participant, beneficiary, or enrollee (rural),

Demonstrations of good faith efforts (or lack of thereof) made by the OON provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous 4 plan years, and

Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited.

The Non-Initiating Party submitted credible information with respect to:

The QPA, and

Additional information that is credible and relates to the offer submitted by either party and does not include information on factors that are prohibited.

After a complete and careful consideration of the offers made by the parties, the QPA, and other additional information submitted, and after applying the No Surprises Act statutory provisions, the Initiating Party's offer best represents the value of the service that is the subject of this unique payment determination. The information demonstrates that the QPA did not adequately account for the additional permissible information submitted by the Initiating Party. Therefore, the Initiating Party's offer best represents the value of the air ambulance qualified IDR items or services in this unique payment determination case.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. National Medical Reviews, Inc. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-3085235 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3085235 was PHI Health, LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on June 26, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact National Medical Reviews, Inc.. Include your IDR Reference number referenced above.

Thank you,

National Medical Reviews, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3543828

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3543828** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025016EJ1056 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $36,733.40

Blue Cross Blue Shield of Missouri submitted an offer of $28,683.53

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-3543828 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3543828 was PHI Health, LLC. The initiating party's NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on August 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-3543829

Maximus Federal Services, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-3543829** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Maximus Federal Services, Inc. has determined that the out-of-network payment amount of **$40,458.58** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025016EJ1056 under this dispute.

Maximus Federal Services, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $40,458.58

Blue Cross Blue Shield of Missouri submitted an offer of $18,316.35

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

Maximus reviewed the documentation submitted by the initiating party in relation to the factors above. The initiating party submitted information related to the acuity of the patient receiving the qualified IDR item or service, or the complexity of furnishing the item or service to the patient, demonstrating that their offer is more appropriate for the item or service in dispute based on the information they provided specific to the acuity of the patient or the complexity of rendering the service. Maximus has also reviewed the objection by the non-initiating party and determined this case is eligible for arbitration based on the information in the record. The non-initiating party submitted no information aside from their objection demonstrating why their

offer was the best representation of the value of the item or service rendered. Thus, based on the information submitted, including the QPA and acuity or complexity, Maximus has determined that the initiating party's offer best represents the value of the qualified IDR item or service.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Maximus Federal Services, Inc. has determined that Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-3543829 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-3543829 was PHI Health, LLC. The initiating party's NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on August 6, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Maximus Federal Services, Inc.. Include your IDR Reference number referenced above.

Thank you,

Maximus Federal Services, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4023418

EdiPhy Advisors, L.L.C. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4023418** and has determined that PHI Health LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, EdiPhy Advisors, L.L.C. has determined that the out-of-network payment amount of **$36,733.40** offered by PHI Health LLC is the appropriate out-of-network rate for the service A0431 on claim number 2025127BU1520 under this dispute.

EdiPhy Advisors, L.L.C. based this determination on a review of the following:

PHI Health LLC submitted an offer of $36,733.40

Anthem Inc. submitted an offer of $28,683.53

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | |

**Final Determination Rationale**

For each of the determination factors for which there is an “x” in the *Initiating Party* and/or *Non-Initiating Party* column of the above chart, this means the party provided supporting information (regardless of whether the information provided persuaded the Arbitrator that the factor should inform his/her decision). If the “additional information factor” is not checked, this may mean that either (i) no information other than information related to the specific factors was provided; or (ii) additional information was provided but the Arbitrator, in her/his sole discretion, determined such information was not related to the offers OR it was prohibited by the law. You must observe

the decision rationale below to know which party provided the evidence that persuaded the IDRE to rule for the Prevailing Party on each factor.

The IDRE considered all the briefs and all permissible arguments and evidence submitted by the parties. The IDRE did not consider arguments or evidence which is prohibited by applicable regulations or guidance. The QPA and all additional information for which evidence was offered or arguments were made, as indicated, were considered and the following circumstances and information were found to weigh in favor of the Prevailing Party and were found to outweigh any information offered by the non-prevailing party. Any factor listed here was given sufficient weight by the arbitrator to influence the outcome of the decision:

(1) Quality Outcomes;(2) Acuity of condition, complexity of services;(3) Training, experience and quality (necessary to treat the condition);(4) Ambulance vehicle type

If the Arbitrator concluded in her/his sole discretion that the submitting party failed to provide sufficient evidence on one of the other factors then it was not given weight and it will not be listed above in the rationale.

If there are any additional arguments or evidence among the rationale, the Arbitrator did consider them and if any of these arguments were given weight they are discussed here:

While the IDRE appreciates the information provided regarding Health Plan's QPA not being an accurate reflection of appropriate OON rates, the information provided goes to the QPA calculation and/or Congress's decision to implement the QPA process, which the regulations state "it is not the role of the IDR to determine whether the QPA has been calculated correctly by the plan or issuer." The IDRE notes that the NIP (Health Plan) only submitted an objection to the eligibility of the dispute and did not submit any other persuasive argument in its favor. The IDRE has overruled the NIP's objection based on the evidence (or lack thereof) provided by the parties. The IP (Provider) however submitted a brief and a persuasive argument in its favor. Based on the evidence submitted, the IDRE ruled in favor of the IP (provider).

Accordingly, the IDRE concludes Prevailing Party's offer represents the best value of the IDR qualified services at issue in this dispute for these line items and that party's offer should be the Out of Network rate paid on the referenced claims.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. EdiPhy Advisors, L.L.C. has determined that Anthem Inc. is the non-prevailing party in DISP-4023418 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4023418 was PHI Health LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on September 29, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact EdiPhy Advisors, L.L.C.. Include your IDR Reference number referenced above.

Thank you,

EdiPhy Advisors, L.L.C.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-2888917

Island Peer Review Organization has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-2888917** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Island Peer Review Organization has determined that the out-of-network payment amount of **$87,739.98** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2024346ER7392 under this dispute.

Island Peer Review Organization based this determination on a review of the following:

PHI Health, LLC submitted an offer of $87,739.98

Blue Cross Blue Shield of Missouri submitted an offer of $0.00

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

IPRO has completed its review of the payment dispute identified under case number DISP-2888917, involving the qualified IDR item or service billed under CPT code A0436. After a comprehensive evaluation of all documentation and arguments submitted by both parties, IPRO determines that the payment amount of $87,739.98, as offered by PHI HEALTH, LLC, most accurately reflects the appropriate out-of-network (OON) rate for the service in question.

This determination was made in accordance with the requirements of the No Surprises Act and its implementing regulations under 45 CFR §149.510, which outline the criteria that certified IDR entities must consider when selecting between the payment offers submitted by the disputing parties.

In accordance with these requirements, IPRO considered the Qualifying Payment Amount (QPA) and all additional information submitted by both parties. Since the IDRE is not permitted to question the calculation or methodology of the QPA, the IDRE must assume that the QPA was calculated in accordance with the law. The following statutory and regulatory factors were considered:

· The quality and outcomes measurements of the provider that furnished the services

· The acuity of the condition of the participant, beneficiary, or enrollee or the complexity of furnishing the service to the participant, beneficiary, or enrollee

· The level of training/experience/quality of the medical personnel

· Air ambulance vehicle type, including clinical capability level of the vehicle

· Demonstration of the parties' good faith efforts (or lack thereof) to enter into network agreements with each other, and, if applicable, contracted rates during the previous 4 plan years

· Additional information submitted by a party

Based on the totality of the evidence and the weight of the statutory factors, IPRO finds that the offer submitted by PHI HEALTH, LLC best represents the value of the qualified IDR service. Accordingly, IPRO selects the offer of $87,739.98 by PHI HEALTH, LLC as the appropriate out-of-network (OON) payment amount for DISP-2888917.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Island Peer Review Organization has determined that

Blue Cross Blue Shield of Missouri is the non-prevailing party in DISP-2888917 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-2888917 was PHI Health, LLC. The initiating party’s NPI is 1073274007 and TIN is 721404705. The non-initiating party was Blue Cross Blue Shield of Missouri. The 90-calendar day cooling off period begins on December 3, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Island Peer Review Organization. Include your IDR Reference number referenced above.

Thank you,

Island Peer Review Organization

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4553372

Provider Resources, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4553372** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, Provider Resources, Inc. has determined that the out-of-network payment amount of **$5,942.82** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025154DU1197 under this dispute.

Provider Resources, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $5,942.82

Anthem Inc. submitted an offer of $2,357.55

For each of the following determination factors, an "x" in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | X | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | | |

**Final Determination Rationale**

Provider Resources LLC (PRI) considered the QPA, and all non-prohibited compelling information submitted by both parties to determine the appropriate out-of-network rate. The chart above indicates the type of information submitted by each party and reviewed by PRI.

It is PRI 's determination that PHI Health, LLC, the initiating party's offer best represents the value of the qualified IDR service at issue in this dispute. Hence, PRI has determined PHI Health, LLC prevailed.

PRI considered the objection and determined that the dispute was eligible for review.

The QPA for the service at issue in this dispute (A0436) is $2,357.55. PRI has considered the QPA, and all the evidence submitted by both parties and found the most compelling evidence in this dispute to be the evidence presented by PHI Health, LLC.

The IP submitted information regarding:

• The quality and outcomes measurements of the provider of air ambulance services that furnished the service.

• The acuity of the condition of the participant, beneficiary, or enrollee receiving the services; and/or the complexity of providing services to the participant, beneficiary or enrollee.

• The level of training, experience, and quality of medical personnel that furnished the air ambulance services.

• The air ambulance vehicle type, including the clinical capability level of the vehicle.

• The population density of the point of pick-up.

• Demonstration of good faith efforts (or lack thereof) made by the provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

• Qualified Payment Amount (QPA).

PHI Health, LLC argued that its offer is the appropriate out-of-network rate for the service at issue in this dispute and that the above-mentioned factors warrant selection of their offer as the appropriate out-of-network rate for the IDR item or service. For the above-mentioned reasons(s), PRI finds that the offer presented by PHI Health, LLC best represents the value of the qualified IDR service at issue in this dispute.

Resources

Visit the No Surprises website (https://www.cms.gov/nosurprises) for additional IDR resources.

We also want to learn - from you - about what you need. As we are an organization steeped in quality improvement, we want to know what it is we do that you like and what we can improve. To get your feedback, PRI has assembled a Stakeholder Engagement Team — the first IDRE to do so. We want to hear from you, and we invite you to set up routine meetings with us to discuss matters of concern.

For more information on Provider Resources LLC (PRI) determination review processes, please visit our website at https://www.provider-resources.com/idre or call our Stakeholder Engagement Team Specialist at 855-479-4025.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Provider Resources, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4553372 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4553372 was PHI Health, LLC. The initiating party’s NPI is 1073274007. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on December 16, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Provider Resources, Inc.. Include your IDR Reference number referenced above.

Thank you,

Provider Resources, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

**IDR dispute status:** Payment Determination Made
**IDR reference number:** DISP-4553781

C2C Innovative Solutions, Inc. has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-4553781** and has determined that PHI Health, LLC is the prevailing party in this dispute.

After considering all permissible information submitted by both parties, C2C Innovative Solutions, Inc. has determined that the out-of-network payment amount of **$5,942.82** offered by PHI Health, LLC is the appropriate out-of-network rate for the service A0436 on claim number 2025240BT2119 under this dispute.

C2C Innovative Solutions, Inc. based this determination on a review of the following:

PHI Health, LLC submitted an offer of $5,942.82

Anthem Inc. submitted an offer of $2,357.55

For each of the following determination factors, an “x” in the Initiating Party and/or Non-Initiating Party column means the party provided supporting information.

| | Additional Circumstances | Initiating Party | Non-Initiating Party |
|---|---|---|---|
| 1 | The quality and outcomes measurements of the provider that furnished such services | X | |
| 2 | The acuity of the individual receiving such services or the complexity of furnishing such services to such individual | X | |
| 3 | The training, experience, and quality of the medical personnel that furnished such services | X | |
| 4 | Ambulance vehicle type, including the clinical capability level of such vehicle | X | |
| 5 | Population density of the pick up location (such as urban, suburban, rural, or frontier) | | |
| 6 | Demonstrations of good faith efforts (or lack of good faith efforts) made by the disputing parties to enter into network agreements and, if applicable, contracted rates between the disputing parties during the previous 4 plan years | X | |
| 7 | Additional information submitted by a party | X | X |

**Final Determination Rationale**

C2C Innovative Solutions, Inc. (C2C) has determined that the initiating party’s offer of $5,942.82 best represents the value of the qualified IDR service, rotary wing air mileage, per statue mile (A0436), at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

In determining which offer to select, 45 Code of Federal Regulations (CFR) Section 149.510 details that the IDR entity (IDRE) must consider:

A. The qualifying payment amount (QPA) for the applicable year for the same or similar item or service.

B. Additional information submitted by the parties that relates to the following circumstances:

1. The quality and outcomes measurements of the provider of air ambulance services that furnished the services.

2. The acuity of the condition of the participant, beneficiary, or enrollee receiving the service, or the complexity of furnishing the service to the participant, beneficiary, or enrollee.

3. The level of training, experience, and quality of the medical personnel that furnished the air ambulance services.

4. The air ambulance vehicle type, including the clinical capability level of the vehicle.

5. The population density of the point of pick-up for the air ambulance (such as urban, suburban, rural, or frontier).

6. Demonstrations of good faith efforts (or lack thereof) made by the out-of-network (OON) provider of air ambulance services or the plan to enter into network agreements, as well as contracted rates between the provider and the plan during the previous four plan years.

C. Information provided by a party pursuant to a request by the IDRE that relates to the offer.

C2C has considered the QPA and all of the evidence submitted by both parties.

The initiating party, PHI Health, LLC, provided an offer of $5,942.82 and provided the following information:

1. A statement that the provider is unable to verify the accuracy of the QPA calculation. Per Section 6.2 of the Federal IDR Process Guidance for Certified IDREs, October 2022, it is not the role of the certified IDRE to determine whether the QPA has been calculated correctly by the plan. If the certified IDRE or a party believes that the QPA has not been calculated correctly, the certified IDRE or party is encouraged to notify the Departments, and the Departments may take action regarding the QPA's calculation. Notifications regarding incorrect QPA calculations can be submitted to the Departments via email at FederalIDRQuestions@cms.hhs.gov.

2. A statement that the provider's staff are nationally recognized for the superior quality of care that they provide, and they have received multiple safety awards. Additionally, the provider meets or exceeds the Ground and Air Medical Quality in Transport (GAMUT) benchmark metrics and has experienced zero accidents over the past eight years.

3. A statement that the provider's accident rate and fatality rate are significantly below the average rates experienced by other providers.

4. A statement that the pediatric patient presented to the sending facility with traumatic liver and splenic lacerations, a pelvic fracture, a wrist fracture, and a subdural hematoma following a motor vehicle accident. Due to the critical nature of the patient's injuries and the need for advanced equipment and care that exceeded the care provided by ground ambulance providers, the attending physician determined that immediate, rapid air transport and advanced in-transit care were required for time-sensitive emergency care at the nearest appropriate facility equipped to provide the required treatment. During the flight, the air medical team closely monitored the patient's condition, and the patient was successfully delivered to a pediatric specialty hospital.

5. A statement that the medical crew members included a critical care registered nurse and a critical care paramedic. Additionally, the training, experience, and quality of the provider's personnel exceed the baseline set by federal regulatory requirements.

6. A statement that the vehicle type was a rotor-wing aircraft. The provider's fleet of air ambulances is equipped to exceed the requirements of state and federal regulators and is equipped to provide five levels of care, ranging from basic care to intensive care.

7. A statement that the provider's aircraft had to travel a total of 51 miles (both loaded and unloaded) to transport the patient. Additionally, transport time via ground would have been 20 minutes versus seven minutes by air.

8. A statement that the provider has evidence of rates previously agreed to by the parties. Additionally, the plan's past payments demonstrate that the provider's offer best represents the value of the services provided.

The non-initiating party, Anthem Inc., provided an offer of $2,357.55 and provided the following information:

1. An offer and the geographic and coverage area related to the QPA. The documentation submitted does not include additional information related to the offer.

In reviewing the QPA, which was $2,357.55, and the above-noted information submitted by both parties, C2C finds the documentation from the initiating party includes a brief that details the background and offer; an argument in support of the offer; and a review of the circumstances with information specific to this dispute. As noted in the regulation cited above, the additional information must be related to at least one of the five circumstances. In this instance, the non-initiating party did not provide information related to at least one of the five circumstances or supporting records. These are compelling in substantiating that the initiating party's offer best reflects the appropriate payment amount for this claim.

In determining which offer reflects the appropriate value of this service, C2C found that the initiating party's evidence, with the review of the five circumstances that included information specific to this dispute, was the most persuasive and supported the appropriate offer amount.

Accordingly, it is C2C's determination that the initiating party's offer of $5,942.82 best represents the value of the qualified IDR service at issue in this dispute. Therefore, C2C has determined the initiating party prevailed.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

- **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider of air ambulance services,** when the amount of the offer selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider, and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

- **A non-participating provider of air ambulance services owes a refund to a plan, issuer, or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. C2C Innovative Solutions, Inc. has determined that Anthem Inc. is the non-prevailing party in DISP-4553781 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to PHI Health, LLC by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the “cooling off” period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar service.

The initiating party with respect to dispute number DISP-4553781 was PHI Health, LLC. The initiating party’s NPI is 1073274007. The non-initiating party was Anthem Inc.. The 90-calendar day cooling off period begins on December 23, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact C2C Innovative Solutions, Inc.. Include your IDR Reference number referenced above.

Thank you,

C2C Innovative Solutions, Inc.

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*